## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 20-3603-GW-MAAx | Date | April 23, 2020 |
|---|---|---|---|
| Title | *Outlet Tile Center v. JPMorgan Chase & Co., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |
|---|---|

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER DENYING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER**

On April 20, 2020, Plaintiff Outlet Tile Center, a "California Sole Proprietorship," filed a "collective"/class action against JPMorgan Chase & Co. ("Chase"), the United States of America and the Small Business Administration ("SBA"). *See* Docket No. 1. The Complaint concerns the portion of the Coronavirus Aid, Relief, and Economic Security Act (the CARES Act) (Pub. L. 116–136) dealing with hundreds of billions of dollars allocated to provide assistance to small businesses. *See* Complaint ¶ 8. Plaintiff avers that the legislation fails to sets out sufficient procedures for the allocation of the funds, the SBA is understaffed and is inadequate to fulfill its responsibilities under the CARES Act, and Chase has acted contrary to the goals of the Act and merely endeavored to maximize its profits. *Id.* at ¶¶ 8-57. The Court is in receipt of an *ex parte* application for a temporary restraining order ("TRO") which was filed today but indicates that the "motion shall be made on April 27, 2020." *See* Docket No. 10 at 2 of 14. The TRO seeks the following injunctive relief:

> 1) Defendant JPMorgan Chase & Co. ("Chase") is enjoined from prioritizing its submission of Payment Protection Program ("PPP") loans based on the amount of the loan and/or by the amount of commission that Chase stands to make; and
> 2) Defendant Small Business Administration (named herein as the United States of America) ("SBA") is enjoined from structuring the PPP with a commission structure that incentivizes banks to submit larger loans, on the grounds that the SBA's current PPP rules were outside the scope of the Congressional intent of the CARES ACT.

*See* Docket No. 10-3 at 2 of 2.

The Court elects to rule on the TRO application immediately and without holding a hearing pursuant to C.D. Cal. L. R. 7-15, as it concludes that oral argument is unnecessary as to the TRO. The

:

Initials of Preparer     JG

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 20-3603-GW-MAAx | Date | April 23, 2020 |
|---|---|---|---|
| Title | *Outlet Tile Center v. JPMorgan Chase & Co., et al.* | | |

Court will deny the TRO application for at least the following reasons:

First, the Court's subject matter jurisdiction has not been established. There is no claim in the Complaint clearly-based on any federal question. Except for the second cause of action for "equitable relief," all of Plaintiff's claims appear to rest on state common law liability theories or statute (*i.e.* promissory estoppel, intentional misrepresentation, interference with contractual relations, and unfair business practices under Cal. Bus. & Prof. Code § 17200). Indeed, the Complaint pleads only diversity as a basis for subject matter jurisdiction. *See* Complaint ¶¶ 1, 4-6. But the United States of America (and/or the Small Business Administration) is/are not a "citizen" of any State for purposes of diversity citizenship; and diversity subject matter jurisdiction cannot be found if the United States and/or its agency is a named party. *See* Phillips & Stevenson, <u>California Practice Guide: Federal Civil Procedure Before Trial</u> (The Rutter Group 2019), ¶¶ 2:1163-1168; *Commercial Union Ins. Co. v. United States*, 999 F.2d 581, 584-85 (D.C. Cir. 1993). Moreover, it is not entirely clear that Plaintiff has properly pled its own citizenship (much less accounted for the fact that it appears to pursue this case as a putative class or collective action). It has merely alleged that it is a "California sole proprietorship," and that it "operates in this district." Complaint ¶ 4. As such, Plaintiff has not properly established the Court's subject matter jurisdiction in this case. Without subject matter jurisdiction, the Court cannot rule upon the merits of the TRO application. *See generally Benoit v. PNC Bank*, No. 2:19-cv-01063-MCE-DB, 2019 WL 2567140, *2 (E.D. Cal. June 21, 2019) ("Since there is no basis for federal jurisdiction, it would be improper to consider the merits of Plaintiff's Amended TRO Request.").

Second, Plaintiff seeks injunctive relief only with respect to its second and fifth claims for relief. It has to demonstrate a likelihood of prevailing on such claims in order to obtain injunctive relief. The second "claim" is "equitable relief," which is not a cause of action at all – it is merely a form of remedy. The fifth claim is "unfair business practices," brought pursuant to California Business and Professions Code § 17200. But to establish standing for such a claim, Plaintiff would have to demonstrate that it lost money or property sufficient to qualify as injury in fact, *see Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1048-49 (9th Cir. 2017), and the Court sees no obvious indication that it has done so here. Instead, it would appear that Plaintiff's theory is that it has been deprived of the *opportunity* to procure money in the form of a loan from the Federal Government.

Third, for purposes of obtaining injunctive relief, an injury is not considered irreparable where it is compensable in money damages. *See, e.g.*, *East Bay Sanctuary Covenant v. Trump*, 950 F.3d 1242, 1280 (9th Cir. 2020). Plaintiff asserts that if injunctive relief is not awarded, it may, or will likely, go out of business as a result (putting aside – for now – the much-more-complicated issue of causation, in the context of a worldwide pandemic, *cf. Profiles, Inc. v. Bank of America Corp.*, No. SAG-200894, 2020 WL 1849710, *10 (D. Md. Apr. 13, 2020)). This might be an injury compensable in damages that

| | : |
|---|---|
| Initials of Preparer | JG |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 20-3603-GW-MAAx | Date | April 23, 2020 |
|---|---|---|---|
| Title | *Outlet Tile Center v. JPMorgan Chase & Co., et al.* | | |

Plaintiff presumably could recover from at least defendant Chase, if it is ultimately able to prevail on a valid claim.

Fourth, for many of the same reasons recognized very recently in *Profiles, Inc.*, 2020 WL 1849710, at \*11-12, it is not at all clear that the balance of equities and public interest would weigh in Plaintiff's favor given the situation the nation faces with the Coronavirus pandemic and the perceived need from Congress to act both quickly, and substantially, in the form that it alone, as the nation's legislature, has the ability to do.

Fifth, while Plaintiff has made arguments and cited to newspaper articles (*see e.g.* Exhibit O to Declaration of Robert Tauler, Docket No. 10-1 at 91-103) which are critical of the federal legislation, the administrative regulation and execution of the CARES Act, and the conduct of banks such as Chase, Plaintiff has not delineated specifically what is the exact legal basis of his claims of unlawful action(s) by any of the Defendants.

Finally, given the importance of the issues underlying Congressional efforts in connection with the Coronavirus and its impact on the national economy, the Court cannot envision a circumstance where it would be inclined to issue what appears to be nationwide injunctive relief as to emergency legislation and executive action dealing with hundreds of billions of dollars on an *ex parte* basis, which is the scenario that Plaintiff asks the Court to act under here.

For at least the foregoing reasons, the Court will deny Plaintiff's application. To the extent that Plaintiff wishes to proceed with this action, he must immediately file an amended complaint which establishes a basis for the Court's subject matter jurisdiction. He should also indicate if he is attempting to raise any cause of action based on federal law, and if so, set forth sufficient factual averments to establish those claims.

It is so ordered.

Initials of Preparer    JG    :